UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMARA WAREKA a/k/a TAMARA
WILLIAMS,

        Plaintiff,

v.                                                          Case No. 8:23-cv-00665-CEH-SPF

LUXURY LAB LLC d/b/a DOLL
FACE BEAUTY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff's Motion for Default Judgment (Doc. 13) and Supplemental Filing in Support of Default Motion (Doc. 15) are before the Court. The Court recommends the Motion be granted in part and denied in part.

### I.      BACKGROUND

On March 24, 2023, Plaintiff Tamara Wareka a/k/a Tamara Williams ("Williams") sued Defendant Luxury Lab LLC d/b/a Doll Face Beauty ("Doll Face Beauty") for copyright infringement under 17 U.S.C. § 501 (Doc. 1). Williams is a professional photographer based in Germany who specializes in beauty and fashion photography (*Id*. at ¶¶ 8-9). This case centers on a photograph Williams took of model Hana Cross (the "Cross Photograph"). Williams first posted the Cross Photograph to her Instagram page (@tamarawilliams) on September 14, 2018 (Declaration of Tamara Williams ("Williams Decl."), Doc. 15-1 at ¶¶ 5-6 and Exh. A). She registered the Cross Photograph (along with a group of her published photographs) with the United States Copyright Office on December 13, 2018, receiving Registration Certificate VA 2-130-596 (Doc. 1 at ¶ 12; Williams Decl. at ¶¶ 7-8 and Exh. B).

Doll Face Beauty is a Florida limited liability company that retails its cosmetics and skincare products to Rite Aid stores across the United States (Doc. 1 at ¶ 6). On April 18, 2020, Williams was watching an Instagram story when she discovered that Doll Face Beauty had used the Cross Photograph in a sponsored ad featuring its products (*Id.* at ¶ 15 and Exh. B; Williams Decl. at ¶ 9). Because Defendant did not purchase a license to use the Cross Photograph and did not otherwise have Williams's consent (Doc. 1 at ¶¶ 19-20), Williams's licensing representative, Lauren Kelly, tried contacting Doll Face Beauty to no avail (Williams Decl. at ¶¶ 11-12). So, Williams referred the issue to an attorney, who also tried unsuccessfully to contact Defendant (Doc. 1 at ¶ 18; Williams Decl. at ¶ 13; Declaration of Melissa A Higbee ("Higbee Decl."), Doc. 15-2 at ¶ 3). Finally, in March 2023, just shy of three years since discovering that Doll Face Beauty had used the Cross Photograph in an Instagram story to market its products, Williams hired a new attorney, Melissa Higbee, who quickly filed Plaintiff's Complaint on March 24, 2023 (within the three-year statute of limitations for copyright infringement claims) (Doc. 1; Higbee Decl. at ¶¶ 3-4). Higbee emailed Doll Face Beauty twice after suing to discuss the case but heard nothing back (Higbee Decl., Exh. A).

Williams served Doll Face Beauty with the Complaint on March 29, 2023 (Doc. 10). Defendant did not respond to the Complaint or otherwise appear, and at Williams's request the Clerk entered default against Doll Face Beauty on June 7, 2023 (Doc. 11). Williams then moved for a default judgment (Doc. 13). Despite being served with the motion for default judgment (*Id.* at 10), Doll Face Beauty has not responded to it as of the date of this Report and Recommendation, and the time to do so has passed. On October 20, 2023, Plaintiff

docketed a Supplemental Filing in Support of Default Judgment (Doc. 15) and sent a copy to Defendant. Doll Face Beauty has not responded to the supplement.

## II.      STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation omitted). In other words, if well-pleaded, liability is established by virtue of a default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Damages are not admitted by virtue of default, however. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). "[T]he Court determines the amount and character of damages to be awarded." *Id.* If, to enter or effectuate judgment, it is necessary for the court to conduct an accounting or determine the amount of damages, "[t]he court may conduct hearings or make referrals[.]" Fed. R. Civ. P. 55(b)(2). But damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," if "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)); *see also Transatlantic Marine*

*Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (a hearing is unnecessary if sufficient evidence is submitted to support the request for damages).

### III.     DISCUSSION

Williams has pleaded a valid copyright infringement claim against Doll Face Beauty because she alleges that she owns the copyright to the Cross Photograph and that Doll Face Beauty, without a license or permission to do so, used the Cross Photograph to advertise its products on Instagram (Doc. 1 at 4).  To remedy this infringement, Williams seeks statutory damages of $17,000, a permanent injunction preventing Doll Face Beauty from infringing on her copyrighted works, and $2,112 in attorney's fees and costs (*Id.* at 4 and 5).

### A.     *Liability*

To prevail on her copyright infringement claim, Williams must establish (1) she owns a valid copyright to the Cross Photograph, and (2) Doll Face Beauty copied protected elements of the work.  *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1266 (11th Cir. 2001).  To satisfy the first element,

> '[A] plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities.'  In a judicial proceeding, 'a certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'  Once the plaintiff produces a certificate of registration, the burden shifts to the defendant to demonstrate why the claim of copyright is invalid.

*Bait Prods. PTY Ltd. v. Aguilar*, No. 8:13-cv-161-T-31DAB, 2013 WL 5653357, at *3 (M.D. Fla. Oct. 15, 2013) (quoting *Bateman v. Mnemonics, Inc.*, 79F.3d 1532, 1541 (11th Cir. 1996)).  To satisfy the second element, "a plaintiff must establish, as a factual matter, that the alleged infringer actually copied plaintiff's copyrighted material."  *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010).  "Factual proof of copying, however, is only an element in

satisfying the second prong;" the "plaintiff must also respond to any proof advanced by the defendant that the portion of the work actually taken does not satisfy the constitutional requirement of originality." *Id.* (citations and quotations omitted). "If a plaintiff survives a challenge to the originality requirement, they must also prove that 'the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.'" *Aguilar*, 2013 WL 5653357, at *3.

Williams has properly pleaded the first element, ownership of a valid copyright. She alleges she created the Cross Photograph, registered it with the United States Copyright Office on December 13, 2018 as part of a group of her published photographs, and holds registration number VA 2-130-596 (Doc. 1 at ¶ 12; Williams Decl. at ¶ 7). She attaches the registration to her supplemental filing (Williams Decl., Exh. B). Williams also adequately pleads the second element of her copyright claim – that the alleged infringer actually copied Williams's copyrighted material. She contends Doll Face Beauty used the Cross Photograph in an Instagram ad without her permission and did so to promote the sale of its products at Rite-Aid stores nationwide (Doc. 1 at ¶¶ 15, 19-20). Attached to Williams's filings are the Cross Photograph (Doc. 1, Exh. A; Williams Decl., Exh. A) and screenshots of Doll Face Beauty's Instagram ad depicting the Cross Photograph (Doc. 1, Exh. B). Defendant has not appeared in this action, meaning the validity of Plaintiff's copyright claim and the originality of the copyrighted material are unchallenged. Plaintiff has sufficiently pleaded all elements of her copyright infringement claim, and she is entitled to a default judgment as to liability.

But the liability analysis is not complete – Williams contends that Doll Face Beauty's infringement was willful (Doc. 1 at ¶ 23). Willful infringement occurs "when the infringer acted with 'actual knowledge or reckless disregard for whether its conduct infringed upon the

plaintiff's copyright.'" *Arista Records, Inc. v. Beker Enter., Inc.*, 298 F.Supp.2d 1310, 1313, (S.D. Fla. 2003) (quoting *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F.Supp. 458, 464 (E.D. Pa. 1987)).  When a plaintiff has adequately alleged willful copyright infringement in the complaint, a court may infer willfulness based on the defendant's default alone.  *Id.*; *Bowers v. David Jacobs-Publishing Group, LLC*, No. 8:19-cv-1361-T-35TGW, 2019 WL 8989845, at *3 (M.D. Fla. Oct. 31, 2019) (collecting cases).

Here, Williams alleges "Defendant willfully infringed upon Plaintiff's copyrighted Cross Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Cross Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Post." (Doc. 1 at ¶ 23).  On the one hand, Williams underscores that Doll Face Beauty used the Cross Photograph in a sponsored ad to an Instagram story (Doc. 1, Exh. B).  She explains in her Declaration that Instagram stories typically last for 24 hours but ads that appear during these stories may be staggered and last longer, providing additional benefits and reach to the customer (in this case, Doll Face Beauty) depending on the length of the ad campaign, the frequency with which the ads are served, and the customer's business objectives (Williams Decl. at ¶ 10).  As Defendant did not appear, Williams had no way of discovering the extent of Doll Face Beauty's unauthorized use of the Cross Photograph.

But Williams does not allege that Doll Face Beauty's infringing ad lasted longer than the Instagram story.  Williams first notified Doll Face Beauty of its infringement sometime after April 18, 2020 (when Williams came across the Instagram story with the infringing ad).  There are no factual allegations demonstrating that Doll Face Beauty infringed the Cross

Photograph after receiving either this notice or the email notices Higbee sent after filing the Complaint in March 2023.  In fact, Williams attests: "I do not know for how long Doll Face used the Cross Photograph in the Infringing Post, how many Instagram users the Infringing Post reached, or what other potential mechanisms Doll Face may have used the Cross Photograph[.]" (Williams Decl. at ¶ 19).

It is well-settled that a court "can infer that the infringement was willful based on [the defendant's] default." *Nexstar Media, Inc. v. Jaros*, No. 8:22-cv-516-CEH-SPF, 2023 WL 2571475, at *3 (M.D. Fla. Mar. 20, 2023).  But courts typically only do so "when willfulness is alleged in the complaint" and supported by factual allegations of actual knowledge or reckless disregard.  *Reiffer v. Legendary Journeys, Inc.*, No. 8:17-cv-2748-MSS-AAS, 2019 WL 2029827, at *2 (M.D. Fla. Jan. 23, 2019) (finding defendant did not admit willfulness by default when complaint lacked supporting factual allegations).  Here, Williams does not allege factual allegations to establish Defendant's actual knowledge or reckless disregard.  For example, there is no allegation that the infringing ad remained on Instagram after she notified Defendant of its infringement.  As in *Reiffer*, "Plaintiff's Complaint does not allege any factual allegations that would otherwise demonstrate willfulness."  *Id*.  Although Williams has established Doll Face Beauty's liability for copyright infringement, she has failed to establish that the infringement was willful.

B.    *Damages*

The next issue is damages.  The Copyright Act permits a plaintiff to elect either actual or statutory damages.  17 U.S.C. § 504; *see Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997).  Here, Williams seeks statutory damages (Doc. 1 at 5; Doc 13 at 6-7) and offers her Declaration in support (Doc. 15-1).  Williams declares that in 2020 she charged between

$5,600 for a single image, three-year license that included PR and global web usage rights but no direct advertisement rights (Williams Decl. at ¶ 15), and in 2019 charged $9,700 for a one-month license to use a single image in three physical stores in Canada and in social media and email (*Id.* at ¶ 17).  She attaches copies of these representative license agreements (*Id.* at Exhs. C, D).  These agreements are "the type of social media and PR usage rights [she] typically grant[s] for use of [her] work." (*Id.* at ¶ 19).

Based on this evidence, Williams requests $17,000 in statutory damages, roughly two to three times the licensing fee range but still within the statutory default range (Doc. 13 at 8). Courts have discretion to award between $750 and $30,000 in statutory damages for all infringements of each work under 17 U.S.C. § 504(c)(1).  *StockFood Am., Inc. v. Smarter Changes, LLC*, No. 6:19-cv-391-PGB-DCI, 2019 WL 11499353, at *4 (M.D. Fla. Sept. 19, 2019), *report and recommendation adopted*, 2019 WL 11499358 (M.D. Fla. Oct. 4, 2019).  "'The employment of the statutory yardstick, within [these] set limits, is committed solely to the court which hears the case….'"  *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (quoting *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935)). Statutory damages are "especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed."  *Clever Covers, Inc. v. Sw. Fla. Storm Defense, LLC*, 554 F.Supp.2d 1303, 1311 (M.D. Fla. 2008).

When the copyright owner sustains the burden of proving that an infringement was committed willfully (which Williams has not done), the court may increase the award of statutory damages up to $150,000 for each infringement.  *See* 17 U.S.C. § 504(c)(2).  But a court need not "make an express finding of willfulness to grant summary judgment or to

award an amount within the default range." *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1260 (11th Cir. 2014). Courts consider these nonexclusive factors: (1) the infringer's blameworthiness (willful, knowing, or innocent); (2) the expenses the defendant saved and the profits it reaped in connection with the infringement; (3) the plaintiff's lost revenue due to the defendant's conduct; and (4) the deterrent value of the damages imposed. *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014) (citing *FW Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 229–30 (1952)). In assessing statutory damages, courts are mindful that "defendants who violate the copyright laws must be put on notice that it costs less to obey the copyright laws than to violate them." *New World Music Co. (LTD) v. Tampa Bay Downs, Inc.*, No. 8:07-cv-398-T-33TBM, 2009 WL 35184, at *11 (M.D. Fla. Jan. 6, 2009).

After carefully considering the evidence, the Court finds that an award of statutory damages is appropriate. Williams's request of $17,000 – less than two times her 2019 licensing fee of $9,700 – is appropriate under the circumstances.

C.   *Injunctive Relief*

The Copyright Act contemplates injunctive relief to prevent or restrain further infringement. 17 U.S.C. § 502(a); *Pacific & Southern Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984). Courts regularly issue injunctions under § 502 because "the public interest is the interest in upholding copyright protections." *Arista Records, Inc. v. Beker Enter., Inc.*, 298 F.Supp.2d 1310, 1314 (S.D. Fla. 2003). To obtain injunctive relief, the moving party must show: "(1) it has achieved actual success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause; and (4) if issued, the injunction would

not be adverse to the public interest." *Broadcast Music, Inc. v. PRB Prods., Inc.*, No. 6:13-cv-1917-Orl-31KRS, 2014 WL 3887509, at *5 (M.D. Fla. Aug. 7, 2014) (citing *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam)).  This four-part test is "regularly satisfied at the default-judgment stage in copyright-infringement cases."  *Jaros*, 2023 WL 2571475, at *5 (citation and quotations omitted).

Permanent injunctive relief is appropriate here.  First, as discussed, Williams prevails on her copyright infringement claim.  Second, unless Doll Face Beauty is enjoined and restrained by the Court, Williams will suffer irreparable injury that cannot be fully compensated or measured in money.  *See Reiffer*, 2019 WL 2029973, at *5 ("By obtaining default judgment on liability, [Plaintiff] established likelihood of success on the merits and irreparable harm.").  Doll Face Beauty did not try to defend against Williams's charge of copyright infringement, which suggests it does not take seriously the illegality of its infringing activity.  Absent an injunction, Williams has no assurance that Defendant will not resume its infringing conduct.

As to the third element, the Court finds that the threatened injury to Williams, specifically the costs and hardship of continuing to protect her copyrighted work, is outweighed by any damage the injunction may cause to Doll Face Beauty. According to Williams, how long Doll Face Beauty used the Cross Photograph and how many people saw the unauthorized post (and purchased Defendant's products as a result) is unknowable without discovery (Williams Decl. at ¶19).  An injunction will prevent Doll Face Beauty from publicly using Williams's copyrighted works to promote its products without permission. This harm to Defendant does not outweigh the substantial justification for imposing an injunction.  Last, imposing an injunction is in the public interest because it promotes the

purposes of the Copyright Act.  *See Arista Records, Inc.*, 298 F.Supp.2d at 1314.  The undersigned recommends granting Plaintiff's request for permanent injunctive relief.

      D.    *Attorney's Fees and Costs*

A court may award reasonable attorney's fees to the prevailing party in a copyright action.  *See* 17 U.S.C. § 505.  A plaintiff is regularly awarded attorney's fees at the default judgment stage of a copyright infringement case.  *See Arista Records*, 298 F. Supp. 2d at 1315–16 (awarding reasonable attorney's fees at default-judgment stage); *Clever Clovers, Inc. v. S.W. Fla. Storm Defense, LLC*, 554 F. Supp. 2d 1303, 1314 (S.D. Fla. 2008) (same).  The party requesting attorney's fees must provide evidence supporting the hours worked and rates claimed.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A court may award attorney's fees based only on affidavits in the record.  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).  The lodestar analysis applies for determining reasonable attorney's fees in copyright-infringement cases.  *Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 829 (M.D. Fla. 1987) (citations omitted); *BWP Media USA Inc. v. A.R. Commc'ns, LLC*, No. 6:14-CV-120-Orl-22KR, 2014 WL 5038590, at *5–6 (M.D. Fla. Oct. 6, 2014). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Eckerhart*, 461 U.S. at 433.

Here, Williams seeks recovery of $1,575 in attorney's fees (Doc. 13 at 9) and submits Higbee's attorney's fees declaration and her timesheet (Doc. 13-1, Exh. C). Higbee represents she is admitted to practice in the State of Florida and in the United States District Court for the Middle District of Florida (Doc. 13-1 at ¶ 1).  The Florida Bar website lists Higbee's admission date as February 5, 2009.  *See* https://www.floridabar.org/directories/find-mbr/profile/?num=62465 (last visited Nov. 28, 2023).  Higbee states her hourly rate is $350

per hour (*Id*. at ¶ 20).  Drawing on the Court's attorney's fees expertise, the undersigned finds this is a reasonable rate for an attorney in the Tampa market with 14 years of experience, absent objection.  *See Broadcast Music, Inc. v. Taste and Spirit, LLC*, No. 8:22-cv-1790-VMC-SPF, 2023 WL 3353044, at *5 (M.D. Fla. Apr. 21, 2023) (finding $400 per hour reasonable rate for attorney with over 20 years of experience in the Tampa market), *report and recommendation adopted*, 2023 WL 3339065 (M.D. Fla. May 10, 2023); *U.S. Bank v. Pro. Staffing-A.B.T.S., Inc.*, No. 8:10-CV-2445-T-24, 2011 WL 6148615 (M.D. Fla. Dec. 9, 2011) (finding rate of $350 per hour for Plaintiff's attorney was a reasonable hourly rate for the Tampa Bay market).

Higbee's timesheet shows she worked 4.5 hours on the matter (Doc. 13-1 at ¶ 20 and Exh. C).  This is reasonable, as is the total fee of $1,575 (4.5 hours x $350 per hour).  *See Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *see also Hepsen v. J.C. Christensen & Assoc., Inc.*, 394 F. App'x 597, 599–600 (11th Cir. 2010).

Last, Williams seeks to recover the $402.00 filing fee and the $135.00 in service of process costs, for a total of $537.00 in costs (Doc. 13-1, Exh. C).  Both the filing fee and the service of process costs are taxable costs under 28 U.S.C. § 1920, although the service fees should be reduced to $65.00 to align with 28 C.F.R. § 0.114(a)(3).  The Court finds that Williams is entitled to $467.00 in costs.

It is **RECOMMENDED:**

1.  Plaintiffs' Motion for Final Default Judgment Against Defendant (Doc. 13) be GRANTED in part and DENIED in part.

2.  The Court direct the Clerk to enter a final default judgment for the Plaintiff.

3.  Plaintiff be awarded $17,000 in statutory damages, $1,575.00 in attorney's fees and $467.00 in costs against Defendant, and post-judgment interest under 28 U.S.C. § 1961.

4.  Plaintiff's request for a permanent injunction be granted.

5.  The Court direct the Clerk to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on November 29, 2023.


SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.